IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. (To be supplied by the Clerk)

Frederick Dwayne Spencer,

Plaintiff,

vs

United States Department of Justice, United States Attorney General Merrick Garland, John R. Tunheim, Jeffrey S. Paulson, and Robert Oleiski

Defendants.

Case: 1:25-cv-00281 JURY DEMAND
Assigned To : Sooknanan, Sparkle L.
Assign. Date : 1/28/2025
Description: Pro Se Gen. Civ. (F-DECK)

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 USCS 1983

COMES NOW, Plaintiff Frederick Dwayne Spencer, proceeding pro se, and hereby presents this Civil Rights Action for deprivation of rights, initiated in the United States District Court for the District of Columbia. Plaintiff submits:

JURISDICTION

This court has jurisdiction Pursuant to 28 USCS 1331, original jurisdiction in all civil actions over claims arising under the Constitution and laws of the United States and 28 USCS 1343(a)(4), original jurisdiction of any civil action authorized by law to be commenced by any person to recover damages, secure equitable relief, and other relief under any Act of Congress providing for the protection of civil rights. Venue is proper in the district of Columbia Pursuant to 28 USCS 1393(6)(2) because the United States Attorney General Merrick Garland is named as a defendant in this civil action.

GROUNDS FOR RELIEF

I. DEPRIVATION OF CIVIL RIGHT TO DUE PROCESS

Claim: The Defendants Deprived Plaintiff of Due Process Against Law By Holding Plantiff To Answer For Infamous Crimes Not On A Indictment Of A Grand Jury, Contrary To The Constitution And Laws Of The United States.

The Fifth Amendment in relevant part provides: No person shall be held to answer for infamous crimes except upon indictment of a grand jury; nor be deprived of liberty without due process of law.

These constitutional provisions read in harmony voices that a defendant cannot be tried for infamous crimes/felonies except by agreement of grand jury, otherwise that person is being deprived of his/her freedom and due process right contrary to the Constitution and laws of the United States.

The grand jury clause mandates that federal prosecutions involving infamous crimes/felonies be tried by grand jury indictment. See Ex parte Wilson, 114 US 417, 5 S. Ct. 935 (1885).

The liberty in the due process clause incorporates the right to be held to answer for infamous crimes by grand jury indictment only, which is afforded due process protection. Due process in all cases regarding infamous crimes requires the United States to submit its accusations to a grand jury for its lawful return.

Here, in September 2007, in the district of Minnesota, prosecuted by Assistant United States Attorney Jeffrey S. Paulsen, before District Judge John R. Tunheim, plaintiff was tried on several money laundering charges that were not submitted to, and returned by a grand jury. See CR-07-174 JRT/JJG at 1.

Because plaintiff was held to answer for infamous crimes in the absence of a grand jury indictment, the defendants deprived plaintiff of his right to due process against law contrary to the Constitution and laws of the United States.

REQUESTED RELIEF

Monetary damages to be determined and awarded by a jury.

CONCLUSION

Trial by jury requested. See Amendment 7, Consti.. Fed R Civ P 38(b). Summons requested pursuant to Federal Rules Civil Procedure, Rule 4.


Respectfully submitted,

s/ FREDERICK DWAYNE SPENCER

Dated: January 24, 2025

CERTIFICATION

I, Frederick Dwayne Spencer, Plaintiff, certify under penalties of perjury that this Civil Rights complaint is brought in good faith and is true and correct to the best of my knowledge and understanding. It is being delivered to the United States District Court for the District of Columbia, Office of the Clerk. It is being sent in accordance with 28 USCS 1746 and is self-notarized.

s/ FREDERICK DWAYNE SPENCER

*[signature]*

Dated: January 24, 2025

Mailing Address:

5000 S Cornell Ave #9A
Chicago, IL 60615