## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| FREDRICK DWAYNE SPENCER, |
| *Plaintiff*, |
| v. |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, |
| *Defendants*. |

Civil Action No. 25-281 (SLS)

Judge Sparkle L. Sooknanan

## <u>MEMORANDUM OPINION</u>

Eight years ago, Fredrick Spencer was indicted on two counts of money laundering. After a criminal trial in the U.S. District Court for the District of Minnesota, a jury acquitted him of all charges. He now brings this pro-se *Bivens* and 42 U.S.C. § 1983 action against the Department of Justice, the Attorney General, the federal prosecutor, the defense counsel, and the federal judge involved in his trial. Mr. Spencer alleges that he was tried without a valid grand jury indictment in violation of his Fifth Amendment rights. The Defendants move to dismiss Mr. Spencer's claims on various grounds. Because Mr. Spencer's claims are either claim precluded, unsupported, or barred by absolute immunity, the Court grants the Defendants' motions and dismisses this case.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). And the Court also takes "judicial notice of public records from other court proceedings." *Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

On September 18, 2007, a jury found Mr. Spencer "not guilty of two counts of money laundering" in a criminal trial before Judge John R. Tunheim of the U.S. District Court for the

District of Minnesota. *United States v. Spencer*, No. 07-cr-174, 2008 WL 4104693, at *1 (D. Minn. Aug. 29, 2008); *United States v. Spencer*, 592 F.3d 866, 870 (8th Cir. 2010) ("On May 21, 2007, a grand jury indicted four defendants: brothers Antwoyn, Derrick, and Frederick Spencer, and Jovan Gentle. Frederick Spencer was acquitted."). A grand jury indictment of Mr. Spencer, alongside alleged co-conspirators, appears on the docket of that proceeding but without visible signatures from the prosecutor or the grand jury foreperson. *United States v. Spencer*, No. 07-cr-174, ECF No. 1 (D. Minn. May 21, 2007). Mr. Spencer alleges that this indictment was never actually "submitted to, and returned by a grand jury." Compl. 2 (citing *United States v. Spencer*, No. 07-cr-174, ECF No. 1 (D. Minn. May 21, 2007)).

On March 24, 2023, Mr. Spencer brought a *Bivens* action in the U.S. District Court for the District of Minnesota against the Department of Justice and the Attorney General alleging that his "2007 prosecution violated his [Fifth Amendment] rights because he had not been indicted by a grand jury." *Spencer v. U.S. Dep't of Just.*, No. 23-cv-724, 2023 WL 5178191, at *1 (D. Minn. Aug. 11, 2023). Soon thereafter, Mr. Spencer emailed the U.S. Attorney's Office for the District of Minnesota requesting the "signed grand jury indictment" and "a copy of the grand jury transcripts" from the 2007 proceedings. Opp'n to Oleiski Mot. Dismiss, Ex. B, ECF No. 16-1. The next day, an Assistant U.S. Attorney (AUSA) responded:

> I've looked into this, and the practice in the District of Minnesota is for a redacted indictment, without any signatures, to be published on the electronic docket; but the original indictments, which are in fact signed by counsel for the Government and the grand jury foreperson, are on file with the Clerk of Court. . . . I can assure you that your indictment was, in fact, signed.

*Id.*

In August 2023, the District of Minnesota dismissed Mr. Spencer's *Bivens* action with prejudice, finding the following:

> [T]he Court takes judicial notice that Spencer was indicted by a grand jury. This fact was even acknowledged by the Eighth Circuit on his co-defendants' appeal. Thus, Spencer's allegation that he was not indicted by a grand jury is not just implausible—it is plainly false.

*Spencer*, 2023 WL 5178191, at *2 (citations omitted). Mr. Spencer moved for reconsideration under Rule 59(e), arguing that "the lack of a docket entry" with "a signed grand jury indictment . . . . demonstrates [his] civil right to due process was violated" and that the Federal Rules of Criminal Procedure were not followed. *Spencer v. U.S. Dep't of Just.*, No. 23-cv-724, ECF No. 31 (D. Minn. Aug. 28, 2023). The district court denied the motion. *See id.*, ECF No. 32 (D. Minn. Aug. 29, 2023). Mr. Spencer then appealed, and the U.S. Court of Appeals for the Eighth Circuit affirmed the district court's decision. *See Spencer v. U.S. Dep't of Just.*, No. 23-3048, 2024 WL 565452 (8th Cir. Feb. 13, 2024).

Mr. Spencer now brings a *Bivens* and 42 U.S.C. § 1983 suit in this District alleging again that the grand jury indictment from his 2007 proceeding was either fraudulent or defective in violation of the Fifth Amendment. *See* Compl. 2 (alleging the indictment was never actually submitted to a jury); Opp'n to U.S. Mot. 2, ECF No. 25 (alleging the indictment failed to comply with Federal Rule of Criminal Procedure's 6(f)'s requirement that a "grand jury's indictment must be returned in open court"). Mr. Spencer's Complaint requests only money damages and not injunctive relief. Compl. 2.

The Defendants in the instant action include two defendants from Mr. Spencer's earlier civil action in the District of Minnesota: the Department of Justice and the Attorney General. Compl. 1. The Complaint also names three new Defendants involved in his criminal prosecution: Judge Tunheim (the presiding judge), Assistant U.S. Attorney Jeffrey Paulsen (the prosecutor), and Robert Oleiski (his private criminal defense attorney). *Id.* The Defendants all move to dismiss this action. Oleiski Mot., ECF No. 14; U.S. Mot., ECF No. 22. These motions are fully briefed and

3

ripe for review. Opp'n to Oleiski Mot., ECF No. 16; Opp'n to U.S. Mot., ECF No. 25; Oleiski Reply, ECF No.18; U.S. Reply, ECF No. 26.

## LEGAL STANDARD

Under Rule 12(b)(6), a court must dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quotation omitted). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an "inference[] . . . unsupported by the facts set out in the complaint.'" *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (citations omitted).

A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). "This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted). "Although a pro se complaint must be construed liberally, the complaint must still present a claim on which the Court can grant relief to withstand a Rule 12(b)(6) challenge." *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (cleaned up).

Although challenges to jurisdiction are usually addressed first, "courts may address certain non[-]jurisdictional, threshold issues before examining jurisdictional questions" when they lead to "dismissal short of reaching the merits." *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 513 (D.C. Cir. 2018) (cleaned up). Assertions of absolute immunity by government officers are among these threshold issues. *See Gage v. New Jersey*, No. 18-cv-1226, 2019 WL

1409935, at *3 (D.D.C. Mar. 28, 2019). And Rule 12(b)(6) is still the proper mechanism to dismiss a claim that is barred by absolute official immunity. *See Smith*, 44 F. Supp. 3d at 40 (Jackson, J.).

## DISCUSSION

The Government Defendants move to dismiss Mr. Spencer's claims under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. U.S. Mot. 1. Mr. Oleiski moves to dismiss Mr. Spencer's claims against him under Rules 12(b)(2) and 12(b)(6). Oleiski Mot. 5. The Court grants both motions under Rule 12(b)(6) and dismisses Mr. Spencer's claims. The claims against the Department of Justice and the Attorney General are barred by claim preclusion. The claims against Mr. Oleiski are entirely unsupported. And the claims against Judge Tunheim and Assistant U.S. Attorney Paulsen are barred by absolute immunity.[1]

### A.    Claims Against the U.S. Department of Justice and the Attorney General

The doctrine of claim preclusion bars Mr. Spencer's claims against the Department of Justice and the Attorney General. Claim preclusion "forecloses subsequent litigation where there has been prior adjudication '(1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" *Steele v. United States*, 144 F.4th 316, 324 (D.C. Cir. 2025) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). "The bar [] extends not only to claims that were actually litigated, but also to those that should or could have been." *Id.* at 325. Accordingly, claim preclusion "prevents litigation of all grounds for . . . recovery that were previously available to the parties, regardless of whether they were asserted or determined in the

---

[1] The Court need not address the Defendants' other grounds for dismissal. *See Thomas v. Wilkins*, 61 F. Supp. 3d 13, 16 n.3 (D.D.C. 2014). Because Mr. Oleiski fails to include any legal arguments challenging personal jurisdiction in the memorandum supporting his Motion to Dismiss, we do not address that issue.

prior proceeding" so long as those claims "arise from the same transaction" or "involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 590 U.S. 405, 412 (2020) (cleaned up).

Here, the District of Minnesota entered a final judgment dismissing Mr. Spencer's near-identical claims against the Department of Justice and the Attorney General. *SeeSpencer*, 2023 WL 5178191, at *1. Mr. Spencer argues that this action is nonetheless permissible because it involves new parties and new factual developments. Opp'n to U.S. Mot. 2. These arguments fail.

*First*, Mr. Spencer argues that claim preclusion ought not apply because this case involves new defendants—Mr. Oleiski, AUSA Paulsen, and Judge Tunheim. *Id.* But Mr. Spencer may not escape claim preclusion by adding new defendants. *See McIntyre v. Fulwood*, 892 F. Supp. 2d 209, 215 (D.D.C. 2012). The Department of Justice and the Attorney General are the "same parties" sued in the Minnesota proceeding, and that is dispositive. *Steele*, 144 F.4th at 324 (quotation omitted).

*Second*, Mr. Spencer argues that this lawsuit raises "new factual developments," making claim preclusion inapplicable. Opp'n to U.S. Mot. 2. But the factual development he identifies—the lack of a signed indictment produced by the Department of Justice—was available to Mr. Spencer during his prior proceeding, *see* Opp'n to Oleiski Mot., Ex. B (dated June 30, 2023), and was directly addressed by the District of Minnesota when it denied his Rule 59(e) motion for reconsideration, *Spencer v. U.S. Dep't of Just.*, No. 23-cv-724, ECF No. 32 (D. Minn. Aug. 29, 2023), a denial that the U.S. Court of Appeals for the Eighth Circuit upheld, *Spencer*, 2024 WL 565452, at *1.

Because Mr. Spencer's claims against the Department of Justice and the Attorney General involve the same cause of action and parties as the earlier proceeding in the District of Minnesota, the Court dismisses these claims as precluded. *See Steele*, 144 F.4th at 324.

### B.    Claims Against Mr. Oleiski

Mr. Spencer alleges that his former attorney, Mr. Oleiski, violated his constitutional rights through "ineffective assistance of counsel" from his "failure to identify or challenge the absence of a signed indictment, and his lack of due diligence in securing and reviewing grand jury records" in the 2007 proceedings. Opp'n to Oleiski Mot. 3. Mr. Oleiski seeks dismissal of this constitutional claim on the ground that he is not a state actor. Oleiski Mot. 9. The Court agrees that Mr. Oleiski's private conduct cannot be the basis for a *Bivens* or § 1983 claim.

*Bivens* establishes liability for "constitutional violations" only when committed by "individual federal officers." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (citing *FDIC v. Meyer*, 510 U.S. 471, 485 (1994)). But the doctrine does not create "a constitutional tort remedy" against "private" actors. *Id.* at 71 (denying a *Bivens* remedy against a private detention facility contracting with government). Similarly, "Section 1983 provides a cause of action against '[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State' deprives someone of a federal constitutional or statutory right." *Lindke v. Freed*, 601 U.S. 187, 194 (2024) (emphasis omitted) (quoting 42 U.S.C. § 1983). Accordingly, that statute applies only to "acts attributable to a State, not those of a private person." *Id.* These doctrines track the general rule that constitutional rights generally restrict "state action" but not "private conduct." *Id.* at 195.

Mr. Spencer urges this Court to depart from that rule here for two reasons. First, he points out that "ineffective assistance of counsel in federal criminal proceedings may form the basis for constitutional redress" in various habeas proceedings. Opp'n to Oleiski Mot. 3 (citing *Strickland*

*v. Washington*, 466 U.S. 668 (1984); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Maples v. Thomas*, 565 U.S. 266 (2012)). But the habeas statute is not a basis for money damages in an action against a private attorney. *See* 28 U.S.C. § 2243. So, it provides no reason to depart from the rule that civil liability for constitutional harms can arise only from state action. *See Lindke*, 601 U.S. at 195; *Malesko*, 534 U.S. at 70. Second, Mr. Spencer argues that Mr. Oleiski "acted under color of law" because he colluded with the government. Opp'n to Oleiski Mot. 3. But Mr. Spencer's pleadings include no specific allegations of collusion between Mr. Oleiski and state actors. *See generally* Compl. And the Court need not make an "inference[]" of collusion that is "unsupported by [any] facts set out in the complaint." *Moore v. Motz,* 437 F. Supp. 2d 88, 90 (D.D.C. 2006) (noting this rule applies even to a pro se plaintiff). Accordingly, the Court dismisses Mr. Spencer's claims against Mr. Oleiski for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### C.    Claims Against Judge Tunheim

Judge Tunheim argues that the claims against him are barred by absolute judicial immunity. U.S. Mot. 23. The Court agrees. "[G]enerally, a judge is immune from a suit for money damages" in federal court. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). This immunity is absolute and "not overcome by allegations of bad faith or malice." *Id.* at 11. The doctrine has only two exceptions. "First, a judge is not immune from liability for . . . actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. Relying on the Supreme Court's decision in *Bradley v. Fisher*, 80 U.S. 335 (1871), Mr. Spencer contends that the second exception applies here— arguing that Judge Tunheim acted in "the complete absence of all jurisdiction" by trying him "without a valid grand jury indictment." Opp'n to U.S. Mot. 2. The Court is not persuaded.

In *Bradley*, the Supreme Court held that absolute immunity does not extend to judicial acts made in "clear absence of all jurisdiction," *i.e.*, "when the want of jurisdiction is known to the judge" and "authority exercised is [nevertheless] usurped." 80 U.S. at 351–52. But the Court also held that judicial acts in "excess" of a court's "jurisdiction over the subject-matter" are immune, including judicial determinations about the "extent" of jurisdiction even if the "correctness of [the] determination" is doubtful. *Id.* The Supreme Court later clarified *Bradley*'s distinction between "absence of jurisdiction" and "excess of jurisdiction" in *Stump v. Sparkman*:

> In *Bradley*, the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

435 U.S. 349, 357 n.7 (1978) (citing *Bradley*, 80 U.S. at 352).

Here, accepting the allegations in the Complaint are true, Mr. Spencer could, at best, establish that Judge Tunheim acted in "excess of jurisdiction" by trying Mr. Spencer with an "erroneous" indictment on his docket. *See id.* at 359 (citing *Bradley*, 80 U.S. at 357). But because "[t]he district courts of the United States [] have original jurisdiction . . . of all offenses against the laws of the United States," 18 U.S.C. § 3231, Mr. Spencer cannot establish that Judge Tunheim acted with "clear absence of jurisdiction" by "try[ing] a criminal case" for a federal offense as part of his normal functions, *Stump*, 435 U.S. at 357 n.7 (citing *Bradley*, 80 U.S. at 352) (suggesting absence of jurisdiction exists only when there is clear usurpation of authority like a probate judge trying a criminal matter). Even if the indictment arose from "grave procedural errors" violative of the Fifth Amendment, Judge Tunheim's reliance on that indictment is a no more egregious expansion of judicial authority than "convict[ing] a defendant of a nonexistent crime"—a situation where immunity undoubtedly attaches. *Id.* at 357 n.7, 359 (citation omitted). Accordingly,

Mr. Spencer's claim is barred by judicial immunity because it challenges only the "erroneous manner in which [Judge Tunheim's] jurisdiction was exercised." *Id.* at 359 (quoting *Bradley*, 80 U.S. at 357). Money damages cannot be awarded for such judicial acts. *Id.* at 359–360.

###    D.    Claims Against Assistant U.S. Attorney Paulsen

AUSA Paulsen argues that Mr. Spencer's claims against him are barred by absolute prosecutorial immunity as well. U.S. Mot. 23–24. Prosecutors are immune from civil liability for acts "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This common law doctrine "reflects 'a balance' of 'evils'" where it is considered "better . . . to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Id.* at 340 (quoting *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949) (Hand, J.)). The immunity extends to acts "connected with the initiation and conduct of a prosecution." *Burns v. Reed*, 500 U.S. 478, 492 (1991). This includes both the "decision to initiate a prosecution" and "prepar[ation] to initiate a judicial proceeding." *Van de Kamp*, 555 U.S. at 341, 343 (first quoting *Imbler*, 424 U.S. at 421, and then citing *Burns*, 500 U.S. at 492).

The seminal case on prosecutorial immunity is *Imbler. v. Pachtman*, 424 U.S. 409 (1976). There, the Supreme Court traced the common-law origin of prosecutorial immunity to the case of *Griffith v. Slinkard*, 44 N.E. 1001 (Ind. 1896) where:

> the complaint charged that a local prosecutor without probable cause added the plaintiff's name to a grand jury true bill after the grand jurors had refused to indict him, with the result that the plaintiff was arrested and forced to appear in court repeatedly before the charge finally was nolle prossed. Despite allegations of malice, the Supreme Court of Indiana dismissed the action on the ground that the prosecutor was absolutely immune.

*Imbler*, 424 U.S. at 421 (characterizing *Griffith*, 44 N.E. at 1002). The Supreme Court determined that the "*Griffith* view on prosecutorial immunity [has] bec[o]me the clear majority rule on the

issue" and adopted the doctrine as a defense in federal common law as well. *Id.* at 422 (emphasis added); *see also id.* at 422 n.19, 424. Relying on this absolute immunity, the Court barred a § 1983 claim against a prosecutor for use of perjured testimony. *Id.* at 424.

In *Burns*, the Court clarified the scope of absolute prosecutorial immunity. 500 U.S. 478 (1991). There, the Court recognized immunity has long applied to "a prosecutor's conduct before a grand jury." *Id.* at 490. And the Court reasoned that a "probable-cause hearing" for a search warrant is analogous to grand jury indictment proceedings so absolute immunity should attach to prosecutorial conduct in obtaining a search warrant as well. *Id.* at 491–92. But the Court further reasoned that immunity does not extend to a prosecutor's out-of-court advice to law enforcement since those acts are not similarly "associated with the judicial phase of the criminal process." *Id.* at 493 (quoting *Imbler*, 424 U.S. at 430).

Finally, in *Kalina v. Fletcher*, the Supreme Court, in relevant part, held absolute immunity barred a prosecutorial misconduct claim based on the "preparation and filing" of a falsified criminal information. 522 U.S. 118, 129 (1997). There, the Court noted that its *dicta* has long recognized immunity for "the act[s] of a prosecutor in seeking an indictment" from a "grand jury." *Id.* at 128 (quoting *Malley v. Briggs*, 475 U.S. 335, 341–43 (1986)). And the Court reasoned that a criminal information is a similar "charging document[]" and, thus, suits challenging the "preparation and filing" of a criminal information are also subject to prosecutorial immunity. *Id.* at 129. Thus, the Court finally held that absolute immunity extends to a prosecutor's "preparation and filing" of "charging documents." *Id.*

Here, Mr. Spencer's Complaint challenges AUSA Paulsen's purported "initiation and conduct[ing] of a prosecution" without a grand jury indictment. *Burns*, 500 U.S. at 492; Compl. 2. And absolute immunity bars these claims because the prosecutorial acts he complains of are

"intimately associated with the judicial phase of the criminal process." *Van de Kamp*, 555 U.S. at 341 (quoting *Imbler*, 424 U.S. at 430). Mr. Spencer alleges that AUSA Paulsen filed an indictment without a return from a grand jury, Compl. 2, but absolute immunity extends to a prosecutor's "preparation and filing" of "charging documents," such as "an indictment," *Kalina*, 522 U.S. at 129. Mr. Spencer also alleges that AUSA Paulsen's indictment was procedurally flawed because it was not "returned in open court" in a grand jury proceeding as required by Federal Rule Of Criminal Procedure 6(f), Opp'n to U.S. Mot. 2, but, again, it is well-established that "prosecutors are absolutely immune from liability [] for their conduct before grand juries," *Burns*, 500 U.S. at 490 n.6 (citing *Gray v. Bell*, 712 F.2d 490, 502 (D.C. Cir. 1983) (denying *Bivens* claim based on prosecutorial immunity for acts before grand jury)). Indeed, the Supreme Court has recognized that the exact conduct Mr. Spencer complains of, *i.e.*, the prosecution of an individual with a fraudulent indictment not returned by a grand jury, is a quintessential example of the type of action encompassed by absolute prosecutorial immunity. *Imbler*, 424 U.S. at 421 (citing *Griffith*, 44 N.E. at 1002). In sum, AUSA Paulsen "is immune from [this] civil action" because the claimed liability is "based on [the] indictment and prosecution" of Mr. Spencer. *Id.* at 422 (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court grants the Defendants' Motions to Dismiss, ECF Nos. 14, 22. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   November 3, 2025